## CO–OPERATIVE OIL ASS'N, Inc., v. COMMISSIONER OF INTERNAL REVENUE.

### No. 9393.

Circuit Court of Appeals, Ninth Circuit.

Nov. 25, 1940.

Rehearing Denied Jan. 23, 1941.

J. L. Eberle, of Boise, Idaho, and Walter Griffiths, of Caldwell, Idaho, for petitioner.

Samuel O. Clark, Jr., Asst. U. S. Atty. Gen., and Sewall Key and Lee A. Jackson, Sp. Assts. to Atty. Gen., for respndent.

Before WILBUR, HANEY, and HEALY, Circuit Judges.

HANEY, Circuit Judge.

The question presented by the petition to review a decision of the Board of Tax Appeals involves the right to deduct, as a liability to the members of a cooperative association, amounts earned but not distributed to such members.

Petitioner was incorporated in 1933 as a non-profit cooperative association under the laws of Idaho, and deals in petroleum products and auto supplies. Idaho Code Ann. § 22-2002, relating to such associations pro-vides: "Associations organized hereunder shall be deemed non-profit, inasmuch as they are not organized to make profits for themselves, as such, or for their members, as such, but only for their members as producers."

Membership in the petitioner is limited to those engaged in the production of agriculture products and is conditioned upon the purchase of one share of common stock and the execution of a membership agreement. Petitioner's authorized capital stock is 5,000 shares of $1 par common stock and .3,000 shares of redeemable non-voting, non-participating 6% $5 par preferred stock. The articles of incorporation contain the following provision: "The net income of this corporation, except such amounts as by law are required to be set aside for reserve funds, or which may be set aside as reserve funds, by the Board of Directors or by vote of stockholders shall be distributed to the stockholding patrons of this corporation who have signed the corporation's purchasing agreement on the basis of their patronage and as shall be provided by the Board of Directors."

By virtue of that provision, it can be seen that the interest of a member in the earnings of petitioner is determined on the basis of "patronage" or amount of purchases.

Section 1, Article IX, of the by-laws is as follows: "Before distribution of patronage dividends herein provided for it shall be the duty of the board of directors, and they shall have the right to retain and accumulate out of the net earnings of the corporation such amounts as, in the judgment of said board of directors are necessary and proper to create a reserve or reserve funds necessary to provide working capital and the proper facilities for carrying on the business of the corporation."

Section 1, Article X, of such by-laws provides: "The net income of this corporation except such amounts as by law are required to be set aside as reserve funds, or which may be set aside as reserve funds, or which may be set aside as reserve funds by the board of directors, or by the vote of the stockholders shall be distributed to the stockholding patrons of this corporation who have signed the corporation's purchasing agreement on the basis of their patronage and as shall be provided by the board of directors. Such patronage dividends shall be ascertained and distributed by order of the board of directors at least

once during each fiscal year of the corporation, and may be so ascertained and paid by order of said board twice each fiscal year, at the discretion of the board."

The membership agreement provided in part: " * * * before distribution of patronage dividends, it is the duty of the board of directors, and they shall retain and accumulate out of the net earnings of the corporation, such amounts as in their judgment are necessary and proper to create a reserve or reserve funds necessary to provide working capital, depreciation and other reserves and the proper facilities for carrying on the business of the corporation."

On May 1, 1934, petitioner sent to its members a circular letter which contained the following statement:

"To All Members:

"The attached draft or credit is only a part of your savings for the six months period ending January 31st, 1934. Your board of directors considers it desirable to retain a portion of the net profits of this period for working capital. As rapidly as our reserves accumulate these earnings will be released and disbursed to you as Patronage Refunds. In the meantime the money is being devoted to the excellent purpose of building your company and making possible larger dividends for the future."

Petitioner's earnings or "savings" for the period January 1, 1934 to November 1, 1934, amounted to $14,737.21. Petitioner claimed the right to deduct in its income tax return covering that period, that entire amount as a liability to members, although it actually declared and paid as dividends to members only $7,864.55. For the fiscal year ending October 31, 1935, petitioner's earnings were $29,073.83. Petitioner, in its income tax return for that period, claimed the right to deduct the entire amount as a liability to members, although it actually declared and paid dividends to the members in the amount of $17,926.53.

Respondent disallowed the deductions above referred to. The Board found that the earnings not paid out in dividends were placed in an account "Reserve for Working Capital", thus negativing the claim of liability to members. The Board further held that the deduction was not proper, in "the absence of some definite act of appropriation". Petitioner seeks review of the decision to that effect.

■ Petitioner contends that the Board's finding that the earnings not paid out in dividends were placed in a reserve, is not supported by substantial evidence, and that its articles and by-laws specifically make its earnings belong to its members in any event. Petitioner does not set forth any theory as to what statute authorizes the deduction, even if its contentions are sound. No statute is cited to show that the deduction is authorized, if petitioner's contentions are correct, and we therefore assume that there is no such statute.

Petitioner does not contend that it is "exempt" from taxation under the Revenue Act of 1934, Ch. 277, § 101(12), 48 Stat. 680, 26 U.S.C.A. Int.Rev.Code, § 101(12), or under such act as construed by Article 101(12-1) of Treasury Regulations 86, promulgated under that act. Likewise, as stated, petitioner does not contend that the "deduction" claim is authorized by statute. The situation is fully set forth by the following quotation from respondent's brief, which is unchallenged by petitioner: "There is no express statutory provision permitting the deduction of so-called patronage dividends by corporations subject to taxation. The administrative practice, however, has been to permit cooperative associations, even though not exempt from taxation, to deduct from gross income the amounts returned to their patrons, whether members or non-members, upon the basis of the purchases or sales, or both, made by or for them. This is upon the theory that a cooperative association is organized for the purpose of furnishing its patrons goods at cost or for obtaining the highest market price for the produce furnished by them."

■■ In other words, petitioner points to no statute authorizing any deduction whatever, and we are in effect asked to hold that a practice of respondent permitting a deduction not authorized by statute, is not liberal enough. We know of no manner in which such liberality may be reviewed in this court. It is familiar law that "Whether and to what extent deductions shall be allowed depends upon legislative grace; and only as there is clear provision therefor can any particular deduction be allowed" and "a taxpayer seeking a deduction must be able to point to an applicable statute and show that he comes within its terms". New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440, 54 S.Ct. 788, 790, 78 L.Ed. 1348. See also: White v. United States, 305 U.S. 281, 292, 59 S.Ct. 179, 83 L.Ed. 172.

Petitioner makes no attempt to show that it is the object of legislative grace by pointing to a statute authorizing the deduction. The Congress has not legislated the deduction, and the courts cannot usurp that function. Whether respondent should have allowed the deduction he did allow is a question upon which we express no opinion.

Affirmed.